MY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK COLLINS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-06679 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| JOHN DOES 1-47, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, BRENDAN YOUNGBLOOD (formerly referred to as John Doe #46 in this matter), and for his Answer, states as follows:

**INTRODUCTION**

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**ANSWER: Defendant admits that Plaintiff's complaint purports to be an action under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., but denies the applicability of the laws cited by Plaintiff therein, and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.**

2. Through this suit, Plaintiff alleges Defendant is liable for:

   a. Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and

   b. Contributory copyright infringement.

**ANSWER: Denied.**

**JURISDICTION AND VENUE**

FILED
TG
APR 01 2013
April 1 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

**ANSWER: Defendant admits that Plaintiff's complaint purports that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, but denies the applicability of the laws cited by Plaintiff therein, and therefore denies the allegations of paragraph 3.**

4. As set forth on Exhibit A, Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over Defendant because Defendant committed the tortious conduct alleged in this Complaint in the Northern District of Illinois, and (a) Defendant resides in the Northern District of Illinois, and/or (b) Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the Northern District of Illinois.

**ANSWER: Defendant admits that he resides in the Northern District of Illinois, but he denies all remaining allegations in paragraph 4.**

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) Defendant resides (and therefore can be found) in this District and Defendant resides in this State; additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**ANSWER: Defendant admits that he resides in this District, but he denies all remaining allegations in paragraph 5.**

**PARTIES**

6. Plaintiff is a corporation organized and existing under the laws of the State of California and has its principal place of business located at 8015 Deering Avenue, Canoga Park, CA, 91304.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and therefore the allegations of paragraph 6 are denied.**

7. Brendan Youngblood is an individual residing at 2164 N. Oakley Avenue, Apartment 3, Chicago, IL 60647

**ANSWER: Admitted.**

**FACTUAL BACKGROUND**

8. Plaintiff is the owner of United States Copyright Registrations (the "Registrations") collectively the "Works" attached hereto as Exhibit A.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore the allegations of paragraph 8 are denied.**

9. A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registrations and the registrations dates is attached as Exhibit B.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, and therefore the allegations of paragraph 9 are denied.**

*II. Defendant Used BitTorrent To Infringe Plaintiff's Copyright*

10. BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic. The creators and users of BitTorrent developed their own lexicon for use when talking about BitTorrent, a copy of the BitTorrent vocabulary list posted on www.wikipedia.com is attached as Exhibit C.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, and therefore the allegations of paragraph 10 are denied.**

11. The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, and therefore the allegations of paragraph 11 are denied.**

*A. Defendant Installed a BitTorrent Client onto his Computer*

12. Defendant installed a BitTorrent Client onto his computer.

**ANSWER: Denied.**

13. A BitTorrent "Client" is a software program that implements the BitTorrent protocol. There are numerous such software programs including uTorrent and Vuze, both of which can be directly downloaded from the Internet. See www.utorrent.com and http://new.vuze-downloads.com/.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore the allegations of paragraph 13 are denied.**

14. Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore the allegations of paragraph 14 are denied.**

*B. The Initial Seed, Torrent, Hash, and Tracker*

15. A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor files using the Client he installed onto his computer.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore the allegations of paragraph 15 are denied.**

16. The Client takes the target computer file, the "initial seed," here the copyrighted Works, and divides it into identically sized groups of bits known as "pieces."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore the allegations of paragraph 16 are denied.**

17. The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Works, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore the allegations of paragraph 17 are denied.**

18. When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore the allegations of paragraph 18 are denied.**

19. Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore the allegations of paragraph 19 are denied.**

20. The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20, and therefore the allegations of paragraph 20 are denied.**

21. The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Works, on them and facilitates the exchange of data among the computers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore the allegations of paragraph 21 are denied.**

22. Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22, and therefore the allegations of paragraph 22 are denied.**

*C. Torrent Sites*

23. "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol. There are numerous torrent websites, including www.TorrentZap.com, www.Btscene.com, and www.ExtraTorrent.com.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore the allegations of paragraph 23 are denied.**

24. Upon information and belief, Defendant went to a torrent site to upload and download Plaintiff's copyrighted Works.

**ANSWER: Denied.**

*D. Uploading and Downloading a Work Through a BitTorrent Swarm*

25. Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites then other peers begin to download and upload the computer file which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25, and therefore the allegations of paragraph 25 are denied.**

26. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26, and therefore the allegations of paragraph 26 are denied.**

27. Once a peer receives a piece of the computer file, here a piece of the Copyrighted Works, it starts transmitting that piece to the other peers

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27, and therefore the allegations of paragraph 27 are denied.**

28. In this way, all of the peers and seeders are working together in what is called a "swarm."

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28, and therefore the allegations of paragraph 28 are denied.**

29. Here, Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

**ANSWER: Denied.**

30. In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Works here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers. The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30, and therefore the allegations of paragraph 30 are denied.**

31. Once a peer, here Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded

the full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file, here the copyrighted Works.

**ANSWER: Denied.**

*E. <u>Plaintiff's Computer Investigators Identified Defendant's IP Address as a Participant in a Swarm That Was Distributing Plaintiff's Copyrighted Works</u>*

32. Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32, and therefore the allegations of paragraph 32 are denied.**

33. IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33, and therefore the allegations of paragraph 33 are denied.**

34. IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP address associated therewith for the file identified by the SHA-1 hash values set forth on Exhibit A (the "Unique Hash Numbers").

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore the allegations of paragraph 34 are denied.**

35. The IP address, Unique Hash Numbers, and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show:

    A.    Defendant had copied pieces of Plaintiff's copyrighted Works identified by the Unique Hash Numbers; and

    B.    Therefore, Defendant was part of the same series of transactions.

**ANSWER: Defendant denies allegations of paragraph 35, including subparagraphs A through B, inclusive, and each of them.**

36. Through each of the transactions, Defendant's computer used their identified IP address to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Numbers.

**ANSWER: Denied.**

37. IPP's agent analyzed each BitTorrent "piece" distributed by the IP address listed on Exhibit A and verified that re-assemblage of the pieces using a BitTorrent Client results in fully playable digital motion pictures of the Works.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37, and therefore the allegations of paragraph 37 are denied.**

38. IPP's agent viewed the Works side-by-side with the digital media files that correlate to the Unique Hash Numbers and determined that they were identical, strikingly similar or substantially similar.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38, and therefore the allegations of paragraph 38 are denied.**

## MISCELLANEOUS

39. All conditions precedent to bringing this action have occurred or been waived.

**ANSWER: Denied.**

40. Plaintiff retained counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for its services.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40, and therefore the allegations of paragraph 40 are denied.**

## COUNT I

### Direct Infringement Against Brendan Youngblood

41. The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

**ANSWER: Defendant restates and re-affirms each and every answer to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.**

42. Plaintiff is the owner of the Registration for the Work which contains an original work of authorship.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42, and therefore the allegations of paragraph 42 are denied.**

43. By using the BitTorrent protocol and a BitTorrent Client and the processes described above, Defendant copied the constituent elements of the registered Work that are original.

**ANSWER: Denied.**

44. Plaintiff did not authorize, permit, or consent to Defendant copying of its Works.

**ANSWER: Defendant denies the allegations contained in paragraph 44 as stated.**

45. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

A. Reproduce the Works in copies, in violation of 17 U.S.C. §§106(1) and 501;

B. Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in violation of 17 U.S.C. §§106(3) and 501;

C. Perform the copyrighted Works, in violation of 17 U.S.C. §§106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works audible and transmitting said performance of the Works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. §101's definitions of "perform" and "publicly" perform); and

D. Display the copyrighted Works, in violation of 17 U.S.C. §§106(5) and 501, by showing individual images of the Works nonsequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. §101's definition of "publically" display).

**ANSWER: Defendant denies the allegations contained in paragraph 45, including subparagraphs (A), (B), (C), and (D), inclusive, and each of them.**

46. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. §504(c)(2).

**ANSWER: Denied.**

47. Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyright.

**ANSWER: Denied.**

**COUNT II**

**Contributory Infringement Against Brendan Youngblood**

48. The allegations contained in paragraphs 1-40 are hereby re-alleged as if fully set forth herein.

**ANSWER: Defendant restates and re-affirms each and every answer to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.**

49. Plaintiff is the owner of the Registrations for the Works, each of which contains an original work of authorship.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49, and therefore the allegations of paragraph 49 are denied.**

50. By using the BitTorrent protocol and a BitTorrent Client and the processes above, Defendant copied the constituent elements of the registered Works that are original.

**ANSWER: Denied.**

51. By participating in the BitTorrent swarm Defendant induced, caused or materially contributed to the infringing conduct of Defendant.

**ANSWER: Denied.**

52. Plaintiff did not authorize, permit or consent to Defendant inducing, causing or materially contributing to the infringing conduct of Defendant.

**ANSWER: Defendant denies the allegations contained in paragraph 52 as stated.**

53. Defendant knew or should have known that other BitTorrent users would become members of a swarm with Defendant.

**ANSWER: Defendant denies the allegations contained in paragraph 53 as stated.**

54. Defendant knew or should have known that other BitTorrent users in a swarm with it were directly infringing Plaintiff's copyrighted Works by copying constituent elements of the registered Works that are original.

**ANSWER: Defendant denies the allegations contained in paragraph 54 as stated.**

55. Indeed, Defendant directly participated in and therefore materially contributed to Defendant's infringing activities.

**ANSWER: Defendant denies the allegations contained in paragraph 55 as stated.**

56. Defendant's contributory infringements were committed "willfully" within the meaning of 17 U.S.C. §504(c)(2).

**ANSWER: Defendant denies the allegations contained in paragraph 56 as stated.**

57. Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion, and diminution of the value of its copyright.

**ANSWER: Denied.**

WHEREFORE, the Defendant, BRENDAN YOUNGBLOOD (formerly referred to as John Doe #46 in this matter), denies Plaintiff is entitled to any judgment whatsoever and prays judgment be entered in his favor and against Plaintiff.

Respectfully Submitted,

Brendan Youngblood
*Pro Se*
Defendant

Brendan Youngblood
2164 N. Oakley Ave.
Apt. 3
Chicago, IL 60647
(708) 707-0505
bryoungblood@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK COLLINS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-06679 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| JOHN DOES 1-47, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE – ELECTRONIC/U.S. MAIL/FAX**

The undersigned certifies that on April 1, 2013, the following described document was served upon all Filing Users pursuant to General Order on Electronic Case Filing, and upon all Non-Filing Users pursuant to LR 5.5:

DOCUMENT DESCRIPTION: **ANSWER TO COMPLAINT**

ADDRESSED AS FOLLOWS:

Schulz Law P.C.
Mary K. Schulz, Esq.
1144 E. State Street
Suite A260
Geneva, IL 60314

Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.

Brendan Youngblood
*Pro Se*
Defendant

Brendan Youngblood
2164 N. Oakley Ave, Apt. 3
Chicago, IL 60647
(708) 707-0505
bryoungblood@gmail.com

mY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK COLLINS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-06679 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| JOHN DOES 1-47, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

FILED
TG
APR 0 1 2013
April 1 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

To: Schulz Law P.C.
Mary K. Schulz, Esq.
1144 E. State Street
Suite A260
Geneva, IL 60134

**PLEASE TAKE NOTICE** that I have on April 1, 2013 filed **ANSWER TO COMPLAINT** with the Clerk of the United States District Court for the Northern District of Illinois, a copy of which is herewith served upon you.

By: Brendan Youngblood
*Pro Se*
Defendant

Brendan Youngblood
2164 N. Oakley Ave., Apt. 3
Chicago, IL 60647
(708) 707-0505
bryoungblood@gmail.com